**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 24 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

BLACKRIDGE RANCH, INC.,

      Debtor.

---

DALE R. JESSE; TED W. CRAWFORD,

      Appellants,

v.

R. KIMBALL MOSIER, Trustee; MONTE D. TIPTON; BRUCE WHITED; DANIEL W. HUNTER; INDIAN SPRINGS WATER COMPANY,

      Appellees.

No. 00-4198
(D.C. No. 00-CV-302-ST)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **TACHA** , Chief Judge, **SEYMOUR** , Circuit Judge, and **BRORBY** , Senior Circuit Judge.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellants Dale R. Jesse and Ted W. Crawford challenge the bankruptcy court's approval of the settlement of an adversary proceeding brought by appellee R. Kimball Mosier, trustee, on behalf of the debtor, Blackridge Ranch, Inc. (Blackridge). The bankruptcy court approved the Settlement Agreement over appellants' objections, finding that the proposed settlement represented a fair and equitable resolution of the Estate's claims and that the proposed settlement was in the best interests of the Estate and its creditors. On appeal, the district court affirmed this order, finding that appellants had failed to show that the bankruptcy court abused its discretion in approving the Settlement Agreement. We now affirm the district court.

I.

At the outset we are faced with a jurisdictional question involving the timeliness of appellants' notice of appeal. The district court entered its order affirming the bankruptcy court on October 11, 2000. The thirty-day deadline for

filing a timely notice of appeal expired on November 13, 2000.[1] The district court docket sheet indicates that appellants' notice of appeal was filed on November 14, 2000, one day past the deadline. The notice of appeal was file-stamped by the clerk on November 14, 2000 at 2:35 p.m. R. doc. 13.

In response to a show cause order from this court, appellants presented an electronic tracking receipt, confirming delivery by the United States Postal Service of an express mail item addressed by them to the district court at 2:24 p.m. on November 13. They also presented a letter from the chief deputy clerk of the district court, stating that their notice of appeal was incorrectly file-stamped on November 14th rather than November 13th.

A notice of appeal is considered timely filed if *received* by the clerk on time, even if not formally *filed* until a later date. *See, e.g., Houston v. Lack*, 487 U.S. 266, 273 (1988) (explaining general rule). A presumption arises that a document was received by the clerk on the date it was file-stamped; however, this presumption may be overcome by a sufficient evidentiary showing. *United States v. Preston*, 352 F.2d 352, 353 n.1 (9th Cir. 1965). We are persuaded by appellants' evidence that the clerk of the district court received their notice of

---

[1] The thirtieth day actually fell on Friday, November 10, 2000. On that day, however, the courts were closed for Veterans' Day, a federal holiday. Accordingly, the notice of appeal was due on Monday, November 13. *See* Fed. R. App. P. 26(a)(3).

appeal on November 13, 2000, that the notice was timely, and that we therefore possess jurisdiction over this appeal.

## II.

"In reviewing a district court's decision affirming the decision of a bankruptcy court, this court applies the same standards of review which governed the district court." *Tulsa Energy, Inc. v. KPL Prod. Co. (In re Tulsa Energy, Inc.)*, 111 F.3d 88, 89 (10th Cir. 1997) (quotation omitted). "A bankruptcy court's decision to approve or disapprove a settlement is reviewed under an abuse of discretion standard." *Continental Airlines, Inc. v. Air Line Pilots Ass'n, Int'l (In re Continental Airlines Corp.)*, 907 F.2d 1500, 1520 (5th Cir. 1990). To the extent the bankruptcy court's decision relies upon conclusions of law, we review such conclusions *de novo*. *Tulsa Energy*, 111 F.3d at 89.

Having carefully reviewed the briefs, the record and the applicable law in light of the above-referenced standards, we discern no abuse of discretion or legal error in the bankruptcy court's order approving the Settlement Agreement.

Accordingly, the judgment of the United States District Court for the District of Utah is AFFIRMED.

                                        Entered for the Court


                                        Wade Brorby
                                        Senior Circuit Judge